# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT A. LEMIEUX,<br><br>        Plaintiff,<br><br>v.<br><br>SOO LINE RAILROAD COMPANY<br>d/b/a Canadian Pacific Railway,<br><br>        Defendant. | Civil No. 16-1794 (JRT/HB)<br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

Thomas W. Fuller, **HUNEGS LENEAVE & KVAS**, 1000 Twelve Oaks Center Drive, Suite 101, Wayzata, MN 55391, for plaintiff.

Tracey Holmes Donesky and Margaret M. Bauer Reyes, **STINSON LEONARD STREET LLP**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for defendant.

Plaintiff Scott Lemieux brought this action against his former employer Soo Line Railroad Company d/b/a Canadian Pacific Railway ("CP"), alleging CP violated the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109, when it retaliated against him after he raised safety concerns. CP filed a motion under Fed. R. Civ. P. 12, or alternatively Fed. R. Civ. P. 56, to dismiss all new claims and allegations in the Amended Complaint. CP argues the claims and allegations should be dismissed because Lemieux did not raise them before the Occupational Health and Safety Administration ("OSHA"). For the reasons set forth below, the Court will grant in part and deny in part CP's motion.

## BACKGROUND

Lemieux worked as a conductor for CP from 2008 until his termination in April 2015. (Am. Compl. ¶ 45, Nov. 22, 2016, Docket No. 21; Decl. of Tracey Holmes

Donesky ("Donesky Decl."), Ex. A ("OSHA Compl.") ¶ 5, Dec. 6, 2016, Docket No. 27.) As set forth in the Amended Complaint, Lemieux asserts he made good faith reports of hazardous and unsafe brakes on railroad cars to CP and suffered adverse employment actions in the form of investigations, a five-day suspension, and, ultimately, termination. (Am. Compl. ¶¶ 50-56.)

Lemieux initially sought relief under FRSA by initiating a charge with OSHA alleging adverse employment actions in the form of "notice[] to attend an investigation," "a five day suspension," and "his firing." (OSHA Compl. ¶¶ 27, 37.) In the OSHA Complaint, Lemieux made a number of specific allegations regarding an incident that occurred on February 12, 2015. On that date, Lemieux determined the handbrakes on fifty-six railroad cars "were in violation" of certain safety standards. (*Id.* ¶¶ 8-9.) Lemieux reported the violations and, when the trainmaster arrived, the trainmaster found the cars safe to travel. (*Id.* ¶¶ 11, 13, 16.) Following an investigation into the incident, CP sent Lemieux a letter stating Lemieux "was found in violation" of certain rules regarding delays and was "assessed a 5 day suspension from service." (*Id.* ¶ 18, 21.) Lemieux characterized this event as "result[ing] in," "contribut[ing] in part to," or "a contributing factor" in Lemieux's ultimate termination. (*Id.* ¶¶ 21, 27, 37, 43.) The OSHA Complaint did not set forth any specific allegations regarding a separate incident that allegedly occurred on March 4, 2015.

OSHA never commenced an investigation. (Aff. of Thomas W. Fuller ¶ 4, Dec. 27, 2016, Docket No. 34.) After more than 210 days passed – as required by 49 U.S.C. § 20109(d)(3) – Lemieux informed OSHA that he would file a complaint in federal

district court.  (*Id.*, Ex. 2.)  In response, OSHA dismissed the OSHA Complaint, (*see id.*, Ex. 1), and Lemieux initiated this matter, (*see* Compl., June 1, 2016, Docket No. 1).

Like the OSHA Complaint, Lemieux's first Complaint focused on events that occurred on February 12, 2015.  (*Id.* ¶¶ 7-35.)  Lemieux also alleged that he received a letter on March 6, 2015, finding him guilty of violating CP's work rules and suspending him for five days.  (*Id.* ¶¶ 37-38.)  The Complaint asserted that because Lemieux reported the "unsafe and hazardous brakes, Mr. Lemieux became a targeted employee and on April 13, 2015, [CP] unlawfully terminated [him]." (*Id.* ¶ 41.)  Lemieux asserted that CP violated FRSA in two ways:  (1) unlawful retaliation under section 20109(b)(1)(A) for reporting, in good faith, a hazardous safety condition on February 12, 2015; and (2) unlawful retaliation under section 20109(b)(1)(C) for punishing Lemieux for his good-faith refusal to authorize the use of safety-related equipment when Lemieux believed the equipment was in a hazardous condition. (*Id.* ¶¶ 44-60.)  In retaliation for Lemieux's protected activity, the Complaint alleged CP investigated Lemieux, suspended him for five days, and ultimately terminated him.  (*Id.* ¶¶ 49, 59.)

On September 30, 2016, Lemieux filed a motion for leave to amend the Complaint.  (Pl.'s Mot. for Leave to Amend Compl., Sept. 30, 2016, Docket No. 12.)  As part of the motion, Lemieux sought to make minor word changes and to add factual allegations related to another incident of protected activity on March 4, 2015.  Lemieux requested leave to insert the following five paragraphs:

> 42. On March 10, 2015 [CP] sent . . . Lemieux another disciplinary charge notice ordering him to appear for another formal investigation.  This investigation was over an alleged failure to perform a roll by inspection of

> CP trains 497-03 and 198-28 and further delay of his assigned CP train 550-662 occurring on March 4, 2015.
>
> 43. On March 4, 2015, however, . . . Lemieux did not fail to perform the roll by inspections as claimed and any alleged delay (which there was none) was caused in whole or in part by defective and hazardous brakes discovered on . . . Lemieux's assigned CP train 550-662, which . . . Lemieux again reported in good faith to CP.
>
> 44. On March 31, 2015 and continuing on April 3, 2015, after several postponements, [CP] conducted its second investigative/retaliatory hearing where it charged . . . Lemieux with discipline despite his good faith reports of defective and hazardous brakes on his assigned train.
>
> 45. On April 13, 2015, following [CP's] previous investigations and despite . . . Lemieux's good faith reports of defective and hazardous brakes occurring on February 12 and March 4, 2015, . . . Lemieux received a letter from [CP] wrongfully terminating . . .Lemieux for allegedly violating GCOR 1.29 and GCOR 6.29.1.
>
> . . . .
>
> 52. On March 4, 2015, . . . Lemieux was again engaged in protected activity when he reported to [CP] that railcars on [CP's] CP-550-662 train were or appeared to be hazardous and unsafe due to the condition of its brakes.

(Donesky Decl., Ex. G at 61-62.) CP opposed the motion to amend, arguing the amendments were futile because Lemieux "failed to allege the March 4 protected activity in the OSHA Complaint, and therefore failed to exhaust his administrative remedies on that claim." (Order at 4, Nov. 15, 2016, Docket No. 20.)

On November 15, 2016, United States Magistrate Judge Hildy Bowbeer issued an order granting Lemieux's motion to amend. (*Id.* at 6.) The magistrate judge reasoned Lemieux's proposed amendments were not futile for failure to exhaust because Lemieux was "not seeking to allege a separate and distinct act of retaliation by [CP]". (*Id.* at 5.) Instead, Lemieux was "seeking simply to add factual allegation to support an existing

claim of retaliation. Specifically, [Lemieux sought] leave to allege that his suspension and termination were motivated not only by protected activity on February 12 but also protected activity on March 4." (*Id.*) Thus, the magistrate judge concluded Lemieux's proposed amendments were not futile. (*Id.*)

Lemieux filed the Amended Complaint on November 22, 2016. On December 6, 2016, CP filed the current motion to dismiss pursuant to Rule 12 or, alternatively, for summary judgment under Rule 56. CP argues the Court should dismiss Lemieux's new "claims and allegations" related to the March 4, 2015 incident, (Def.'s Mot. to Dismiss at 1, Dec. 6, 2016, Docket No. 24), because Lemieux failed to exhaust them in his OSHA Complaint.

## DISCUSSION

### I. STANDARD OF REVIEW

CP framed the pending motion as a motion to dismiss under Rule 12 or, alternatively, for summary judgment under Rule 56. Under Rule 12(b), "when matters outside the pleadings are presented to and not excluded by the court in connection with consideration of a Rule 12(b)(6) motion, the motion shall be treated as a motion for summary judgment." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). But the Court may consider for the purpose of a Rule 12 motion documents "necessarily embraced by the complaint." *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). "Documents necessarily embraced by the [complaint] include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of*

*Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)); *see also Brisbois v. Soo Line R.R. Co.*, 124 F. Supp. 3d 891, 896 (D. Minn. 2015) (same). The Court finds the evidence of prior administrative proceedings in this case is necessarily embraced by the pleadings and, therefore, will construe CP's motion as a Rule 12 motion to dismiss. (*See* Am. Compl. ¶¶ 67-70.)

Applying the Rule 12 standard, the Court must consider all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility,'" and therefore must be dismissed. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. EXHAUSTION

CP argues the Court should dismiss the new claims and allegations asserted in the Amended Complaint because Lemieux failed to exhaust his administrative remedies regarding the incident on March 4, 2015. Before an employee can sue his or her employer for a violation of FRSA, the employee must exhaust his or her administrative remedies by filing a complaint with OSHA. *See* 49 U.S.C. § 20109(d). To do so, an employee must file a charge with OSHA "not later than 180 days after the date on which the alleged violation of [FRSA] occurs." 49 U.S.C. § 20109(d)(2)(ii). OSHA then has 210 days to issue a final decision, after which an employee can "bring an original action . . . for de novo review in the appropriate district court of the United States." 49 U.S.C. § 20109(d)(3). "The purpose of this exhaustion requirement is to give OSHA the first opportunity to investigate and resolve the claim." *Brisbois*, 124 F. Supp. 3d at 899.

When an employee fails to allege a separate and distinct incident of retaliation in an administrative proceeding, such a claim is not exhausted, *see Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 672-73 (8th Cir. 1994); however, "[t]he exhaustion requirement may be satisfied if the civil claim 'grows out of, or is like or reasonably related to the substance of the allegations in the administrative charge,'" *Fanning v. Potter*, 614 F.3d 845, 851-52 (8th Cir. 2010) (quoting *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002)). Although "administrative complaints are interpreted liberally," *Tart*, 31 F.3d at 671, the scope of a court action "can be only 'as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of

discrimination,'" *Fanning*, 614 F.3d at 852 (quoting *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000)).

Here, CP asks the Court to adopt the legal principle that FRSA required Lemieux to not only allege each distinct incident of retaliation in the OSHA Complaint, *see Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012), but also each occurrence of protected activity.[1] Other courts have adopted this interpretation of FRSA. *Wallace v. Tesoro Corp.*, 796 F.3d 468, 476-77 (5th Cir. 2015); *see also Foster v. BNSF Ry. Co.*, No. 14-313, 2016 WL 8649248, at *3 n.1 (S.D. Iowa Jan. 28, 2016); *Rookaird v. BNSF Ry. Co.*, No. 14-176, 2015 WL 6616069, at *3 & n.1 (W.D. Wash. Oct. 29, 2015). And the Eighth Circuit has acknowledged that allegations that involved a similar type of employer conduct as the allegations in an administrative complaint but arose from "different circumstances" and occurred a year later than the events alleged in the administrative complaint are only exhausted if separately presented to the administrative agency. *Jones v. City of St. Louis*, 825 F.3d 476, 482 (8th Cir. 2016).

Yet, the Eighth Circuit has repeatedly held that exhaustion does not preclude additional allegations where the additional allegations are "like or reasonably related to" the allegations set forth in the charge to the agency. *Id.*; *see also Wedow v. City of Kansas City*, 442 F.3d 661, 674 (8th Cir. 2006) ("[W]e . . . adhere to a narrow reading of this exhaustion exception"). Further, the charge must simply "be sufficient to give the

---

[1] CP also argues the Court should dismiss the new allegations in the Amended Complaint because they present legal theories of the case not presented in the OSHA Complaint. To support this argument, CP cites Eighth Circuit precedent holding a claim for "discrimination" does not exhaust a claim for "retaliation" before the Equal Opportunity Employment Commission because the claims are based on different legal theories. *See Watson v. O'Neill*, 365 F.3d 609, 612-14 (8th Cir. 2004). But Lemieux's new allegations relate to the same legal theory – unlawful termination in retaliation for reporting unsafe handbrakes.

employer notice of the subject matter of the charge and identify generally the basis for a claim, but it need not specifically articulate the precise claim or **set forth all the evidence** an employee may choose to later present in court." *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1123 (8th Cir. 2006) (emphasis added), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011). Applying this caselaw, the Court finds CP's argument that FRSA required Lemieux to allege each incident of protected activity in the OSHA Complaint contradicts Eighth Circuit precedent.

Because FRSA did not require Lemieux to allege each incident of protected activity in the OSHA Complaint, subject to one specific exception discussed below, the new factual allegations in the Amended Complaint were administratively exhausted. The OSHA Complaint, focusing on events that occurred on February 12, 2015, asserted that Lemieux "suffered adverse employment actions" "result[ing] in" or "contribut[ing] in part to" his ultimate termination in retaliation for reporting unsafe handbrakes on railroad cars. These allegations put CP on notice that the alleged FRSA violation was for terminating Lemieux after he reported unsafe handbrakes on railroad cars. *See DTG Operations*, 442 F.3d at 1123. The OSHA Complaint did not need to "set forth all the evidence" to support the claim that CP improperly terminated Lemieux for reporting the unsafe handbrakes. *Id.* And the allegations of a second report on March 4, 2015, simply add support for that contention. Further, unlike the situation in *Jones*, the February 12, 2015, and March 4, 2015, allegations arose under similar circumstances (reporting faulty handbrakes) and were separated by less than a month. (*See* Am. Compl. ¶¶ 51-52);

*Jones*, 825 F.3d at 482. Therefore, the Court finds, subject to the exception below, that the new allegations in the Amended Complaint were administratively exhausted and the Court will deny CP's motion on this ground.

Contrary to Lemieux's assertion, however, the Amended Complaint also alleged a new incident of retaliation and, to the extent a new incident of retaliation is alleged, the Court will dismiss the claim. As set forth above, Paragraph 44 in the Amended Complaint – which was not in the original Complaint – reads as follows:

> 44. On March 31, 2015, and continuing on April 3, 2015, after several postponements, [CP] conducted **its second investigative/<u>retaliatory</u> hearing** where it charged . . . Lemieux with discipline despite his good faith reports of defective and hazardous brakes on his assigned train.

(Emphasis added.) Then, Paragraph 55 in the Amended Complaint – which Lemieux did not amend – alleges the following:

> 55. As a result, . . . Lemieux suffered adverse employment actions including, but not limited to, **being noticed to attend <u>an investigation</u>** and being charged with a 5-day suspension all of which caused and contributed in part to his eventual termination.

(Emphasis added). Based on Paragraphs 44 and 55, the Amended Complaint added **a new unlawful employment practice** – notice and completion of an "investigative/retaliatory hearing" into March 4, 2015, incident. To the extent the Amended Complaint adds this new claim, it was not exhausted because, to exhaust a claim, a complainant is required to "file a charge with respect to **each alleged unlawful employment practice**." *Richter*, 686 F.3d at 851. Because the OSHA Complaint only alleged an adverse employment action related to "being noticed to attend [**one**] investigation," (OSHA Compl. ¶¶ 27, 37), the Court finds that, to the extent an adverse

employment action is alleged for the second investigation, the claim was not exhausted as part of the OSHA proceeding and the Court will dismiss the claim.

**III. TIME BAR**

CP asserts that, to the extent the Court finds the claims and allegations were not exhausted as part of the OSHA Complaint, the claims and allegations should be dismissed with prejudice as time barred. Because Lemieux alleged a new claim of retaliation in the Amended Complaint – the second "investigative/retaliatory hearing" – and that claim was not exhausted before OSHA, the Court will dismiss the new allegation with prejudice. More than 180 days have passed since the alleged violation, *see* section 20109(d)(2)(A)(ii), and, as such, the new claim is time-barred.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Soo Line Railroad Company d/b/a Canadian Pacific Railway's Motion to Dismiss or, Alternatively, for Summary Judgment [Docket No. 24] is:

1. **GRANTED** to the extent the Amended Complaint alleged a new claim of retaliation for a second investigation after the incident occurring on March 4, 2015. This claim is **DISMISSED with prejudice**.

2. **DENIED** in all other respects.

DATED: August 16, 2017                 _____s/John R. Tunheim_____
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                      Chief Judge
                                      United States District Court